## DAVIS v. DAVIS.

(Supreme Court, Special Term, Kings County.　December 7, 1914.)

1. DIVORCE (§ 101*)—ACTIONS—PLEADING—COUNTERCLAIM.

　　Under Code Civ. Proc. § 1770, providing that, where an action is brought by either husband or wife, a cause of action against plaintiff and in favor of defendant may be interposed as a counterclaim, a defendant in an action for divorce may interpose a counterclaim, or may maintain a separate action for divorce.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 322–327; Dec. Dig. § 101.*]

2. DIVORCE (§ 302*)—CUSTODY OF CHILDREN—CONCLUSIVENESS OF JUDGMENT.

　　An interlocutory judgment of divorce, which awards the custody of a child of the parties, is not a binding adjudication as to the custody, where the judgment has been vacated, and the court in a subsequent action may provide for the custody of the child.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 791, 792; Dec. Dig. § 302.*]

3. DIVORCE (§ 303*)—CUSTODY OF CHILDREN—CONCLUSIVENESS OF JUDGMENT.

　　Under Code Civ. Proc. § 1771, giving the court power to vary or modify directions regarding the custody of children of parties to an action for divorce as justice may require, a provision in an order giving the father the custody of a child and the mother permission to visit the child at stated times is not conclusive on the court, which may change the custody according to its view of the necessities of the case, having in mind the welfare of the child.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795; Dec. Dig. § 303.*]

4. DIVORCE (§ 209*)—TEMPORARY ALIMONY—JUDGMENT—CONCLUSIVENESS.

　　The action of the court in requiring a husband, suing his wife for divorce, to pay her temporary alimony, is not binding on the court in a subsequent action by her for divorce pending the final disposition of the husband's action; but the wife must stipulate to waive the alimony awarded to her in the husband's action before the court in her action will award temporary alimony.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 605–609; Dec. Dig. § 209.*]

Action by Emma E. Davis against James R. Davis.　Order granted. See, also, 149 N. Y. Supp. 1077.

Hugh Gordon Miller, of New York City, for the motion.

Pendry & Pendry, of Brooklyn (Charles J. McDermott, of New York City, of counsel), opposed.

BENEDICT, J.　This is a motion for alimony and counsel fee, together with the custody of a child in an action brought by the wife against the husband for divorce upon the statutory ground.　There has already been considerable litigation between these parties.　In April, 1913, an action was begun by the present defendant as plaintiff against the present plaintiff as defendant for absolute divorce.　In that action a counsel fee of $200 was awarded to the defendant's attorney, and alimony at the rate of $10 a week was awarded to her.　The counsel fee so awarded was paid, as was also the alimony, until the same was mod-

ified by a later order made by this court in May, 1914, whereby the alimony was increased to $15 a week, and by the order then made an additional counsel fee of $300 was awarded to her. The action was tried before a referee who found in favor of the husband. Thereupon an interlocutory judgment of divorce was entered in favor of the husband. Thereafter, in February, 1914, an order was made reopening the case and referring it to the same referee to take further testimony; the present attorney for the wife having been substituted for the attorney first appearing for her. The referee filed a supplemental report in April, 1914, again finding in favor of the husband, and upon the motion to confirm his report the court, Mr. Justice Kelly presiding, refused to confirm, and set aside the interlocutory decree theretofore granted, and directed that the case be tried either at the Special Term or before a jury. From this order the husband appealed, but the Appellate Division unanimously affirmed the order in November, 1914, since which time the case has not been brought on for trial. The present action was begun on or about October 2, 1914, the plaintiff alleging that she had only acquired knowledge of the alleged infidelity of her husband a short time before the present action was begun.

[1] While it is true that a defendant in an action for divorce may interpose any counterclaim which he or she may have for divorce in the same suit, it is not obligatory upon the defendant to do this; but he or she may maintain a separate action against the other party for divorce. This is made quite plain by section 1770 of the Civil Code, which was added by Laws 1881, c. 703, which reads as follows:

"Where an action is brought by either husband or wife, as prescribed in either of the last two articles, a cause of action, against the plaintiff and in favor of the defendant, arising under either of said articles, may be interposed, in connection with a denial of the material allegations of the complaint, as a counterclaim."

[2, 3] The moving papers disclose the fact that there is an infant child three years old, the result of the union between these parties. The custody of that child was awarded to the father by the interlocutory judgment; but, as the judgment has been vacated, there is now no binding adjudication regarding the custody of the child, although it was evidently assumed that the father was its custodian, because in the order made on May 22, 1914, the mother was given permission to visit the child at stated times. The provision, however, awarding custody of the child, would not be conclusive upon the court, which has power from time to time to vary its directions for custody, according to its view of the necessities of the case, having in mind the welfare of the child. This is perfectly apparent by reference to section 1771 of the Civil Code, which gives the court power to vary or modify directions regarding such custody according as justice requires, whether before or after final judgment.

The facts stated in the affidavits submitted on behalf of the plaintiff show, I think conclusively, that the welfare of the child will be best subserved by its removal out of the custody of the father and away from the potent influences by which it is now surrounded, and I can see no good reason why its custody should not be awarded to the mother.

during the pendency of the action, without prejudice to any direction which the court may make in the final judgment in respect of such custody. The order will, of course, provide for proper opportunity being given for the father to see his child.

[4] With regard to the matter of alimony, it is urged on behalf of the defendant that no award of alimony should be made in this action, because he is already charged with the payment of $15 a week as temporary alimony for the support of the plaintiff in the action which he has begun against her; but the court is not bound by the provision made for the wife in the action in which she was a defendant, and in which the alimony was awarded to her as a defendant charged with the commission of a breach of the marriage contract. The situation has been very substantially changed by the bringing of the present action, in which she is the moving party and the husband is the defendant. Of course, it goes without saying that there should not be two orders against the husband for alimony in favor of the wife by reason of the pendency of the two actions. She should be required to stipulate to waive the alimony which was awarded to her in the former action. Upon her consenting to do this I will award her for her own support pendente lite the sum of $25 in each week and the sum of $5 a week for the support of the child while it remains in her custody. It seems to me that this disposition of the question of alimony is not only in harmony with justice, but has the support of authority in this court. See Nichols v. Nichols, 5 N. Y. Wkly. Dig. 398.

Upon a similar principle, an allowance should be made for counsel fee. The defendant should receive credit for the payments which he has already made to the plaintiff on this score. In view of the nature and extent of the litigation and the situation of the parties, I think he should pay to the plaintiff an additional counsel fee of $300 to enable her to prosecute the present action against the defendant.

If the defendant desire it, and will so stipulate, the issues in this action shall be tried at the same time as the issues in the other action, and an application to frame issues for trial by jury in both actions may be made by either party after issue in the present action shall have been joined.

Settle order on notice. No costs.