THE PEOPLES NATIONAL BANK AND TRUST COMPANY OF WHITE PLAINS, Appellant, *v.* COUNTY OF WESTCHESTER et al., Respondents.

(Argued March 8, 1933; decided April 11, 1933.)

*Otto C. Jaeger* for appellant. The sections of the Tax Law (Cons. Laws, ch. 60) of the State of New York under which the taxes herein sought to be recovered were assessed, levied and collected, have been declared invalid and void. (*Public Nat. Bank* v. *Keating,* 38 Fed. Rep. [2d] 279; 47 Fed. Rep. [2d] 561; 284 U. S. 587; *People ex rel. Pratt* v. *Goldfogle,* 242 N. Y. 277; *Texas & New Orleans R. R. Co.* v. *Brotherhood of Clerks,* 281 U. S. 548; *First Nat. Bank* v. *Hartford,* 273 U. S. 548; *Minnesota* v. *First Nat. Bank,* 273 U. S. 561; *Georgetown Nat. Bank* v. *MacFarland,* 273 U. S. 568; *Montana Nat. Bank* v. *Yellowstone County,* 276 U. S. 499; *Mason* v. *Prendergast,* 120 N. Y. 536; *Hanover Nat. Bank* v. *Goldfogle,* 234 N. Y. 345.)

*Martin Saxe* for Charles J. Tobin, *amicus curiæ.* The condition of section 5219 of the United States Revised Statutes, as amended, was not complied with in the State statute as construed and the provision taxing shares of national banks was, therefore, unconstitutional as taxing a Federal agency without the consent of Congress. (*People ex rel. Pratt* v. *Goldfogle,* 242 N. Y. 277; *People ex rel. First Nat. Bank* v. *Schadt,* 237 App. Div. 233; *Public Nat. Bank* v. *Keating,* 284 U. S. 587; *First Nat. Bank* v. *Hartford,* 273 U. S. 548; *Minnesota* v. *First Nat. Bank,* 273 U. S. 561; *Commercial Nat. Bank* v. *Custer County,* 275 U. S. 502; *Montana Nat. Bank* v. *Yellowstone County,* 276 U. S. 499.)

*William D. Cunningham* and *John J. Dillon* for George M. Freedman, *amicus curiæ.* The sections of the Tax Law under which the tax was assessed have been declared invalid for all purposes. (*Public Nat. Bank* v. *Keating,* 38 Fed. Rep. [2d] 279; 47 Fed. Rep. [2d] 561; 284 U. S. 587; *First Nat. Bank* v. *Anderson,* 269 U. S. 341; *Matter*

of *Pell,* 171 N. Y. 48; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199; *People ex rel. Phillips* v. *Raynes,* 136 App. Div. 417; 198 N. Y. 539.)

*William A. Davidson* for County of Westchester, respondent. Plaintiff cannot recover without proof of facts showing actual discrimination in the same locality in which it does business. (*People ex rel. Pratt* v. *Goldfogle,* 242 N. Y. 277; *First Nat. Bank* v. *City of Hartford,* 273 U. S. 548; *Minnesota* v. *First Nat. Bank,* 273 U. S. 561; *Georgetown Nat. Bank* v. *MacFarland,* 273 N. Y. 568; *Whitbeck* v. *Mercantile Bank,* 127 U. S. 193.) The assessment, if improper for any reason, was an erroneous assessment to be determined from facts *dehors* the record. (*United States Trust Co.* v. *Mayor,* 77 Hun, 182; *National Bank* v. *Elmira,* 53 N. Y. 49.)

*William R. Condit, Corporation Counsel (Samuel Faile* of counsel), for City of White Plains, respondent. Summary judgment should not have been granted plaintiff, as there are issues of facts raised by the pleadings. *First Nat. Bank* v. *Hartford,* 273 U. S. 548; *Minnesota* v. *First Nat. Bank,* 273 U. S. 561; *Georgetown Nat. Bank* v. *MacFarland,* 273 U. S. 568.)

*Truman H. Preston* and *Victor Levine* for County of Onondaga, *amicus curiæ.*

O'BRIEN, J. The action is for money had and received. Recovery is sought upon the asserted principle that the taxing statute of this State under which the moneys were paid has been declared void in *Keating* v. *Public Nat. Bank* (284 U. S. 587). On plaintiff's motion the Special Term agreed that the statute had been declared void, and it struck out the answers of both defendants and directed summary judgment for plaintiff. On the theory that the statute is valid but that an issue of fact arises on the pleadings in relation to the validity of the tax depending upon the method of the exercise of power by the assessors, the Appellate Division reversed and

certified to this court the question whether on this record plaintiff is entitled to summary judgment.

The complaint alleges that during the years 1925 and 1926 the assessors of the city of White Plains and the board of supervisors of Westchester county assessed the shares of capital stock of plaintiff national bank; that the assessments were apparently valid, on their face but in fact were illegal and void for the reason that, contrary to the provisions of section 5219 of the Revised Statutes of the United States and also of section 24 of the Tax Law (Cons. Laws, ch. 60) of this State, which the Supreme Court of the United States is alleged to have later declared unconstitutional, they were at a greater rate than the assessments upon other moneyed capital in the hands of individual citizens; that plaintiff, in the belief that the assessments were valid, paid the taxes under duress and afterward demanded their refund and served notices of intention to sue for their recovery. The allegation that the assessments were in fact actually illegal and void and the kindred allegation of fact that they were at a greater rate than assessments upon other moneyed capital in the hands of individual citizens of this State are denied in the answers. Unless the fact of such a discrimination in favor of moneyed capital competing with plaintiff clearly appears from the pleadings and affidavits, plaintiff is not entitled to summary judgment.

The right of the several States to tax shares of national bank stock is derived exclusively from the consent of Congress. Except for such approval, no authority would exist, and the exercise of this power must conform with the conditions of the Federal permission. (*First Nat. Bank* v. *Anderson*, 269 U. S. 341, 347.) At the time of the assessments under review, section 5219 of the Revised Statutes of the United States provided that in the case of a tax on national bank shares " the tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens

of such state coming into competition with the business of national banks." In *People ex rel. Pratt* v. *Goldfogle* (242 N. Y. 277) and a group of other decisions rendered at the same term this court recognized the necessity of conformity by the local tax statutes with the act of Congress and held that the purpose of chapter 897 of the Laws of 1923, which added new sections to the Tax Law relative to taxation of national bank shares, is to subject private moneyed capital which is used in competition with the business of national banks to the same rate of taxation as is imposed upon the shares of national bank stock. The controlling decisions of the Supreme Court of the United States also hold that approximate equality of taxation is required by section 5219 between the capitalization of national banks and private capital competing in the same kind of transactions as those in which national banks engage in the same locality. In ascertaining inequality and competition, questions of fact are involved. (*First Nat. Bank* v. *Hartford,* 273 U. S. 548; *Minnesota* v. *First Nat. Bank,* 273 U. S. 561; *Georgetown Nat. Bank* v. *McFarland,* 273 U. S. 568.) In *Public Nat. Bank* v. *Keating* (38 Fed. Rep. [2d] 279; 47 Fed. Rep. [2d] 561) both the United States District Court and the Circuit Court of Appeals found upon the facts that inequality and discrimination existed in the taxation of that bank's shares. Those courts also were of opinion that the interpretation of the New York statute by this court in the *Pratt* case placed the local act in conflict with the act of Congress. The Supreme Court affirmed the decree (284 U. S. 587). That the facts were affirmed and the tax declared invalid is certain. We draw this inference from the character of the precedents cited by the court in support of its affirmance of the decree. Whether it proceeded further is not disclosed by the report.

Since the determination of the validity of the tax raises questions both of fact and law (*First Nat. Bank* v.

*Hartford, supra*) these mixed questions can be decided only by first discovering the facts. In *Public Nat. Bank* v. *Keating* (*supra*) the evidence showed that other moneyed capital in the hands of individual citizens of this State which in fact competed with the Public National Bank was assessed at a lower rate than the shares of the Public National Bank. The pleadings and affidavits herein do not concede competition or discrimination. " It is claimed that inconsistency of the state statutes with section 5219 may be established without proving the fact that the plaintiffs were actually competing, during 1930, in some line of business in which the non-banking corporations were engaged. The trial court, in rendering judgment for the plaintiffs, approved this contention. But it is unfounded. To establish the invalidity, it is necessary to prove not only that the plaintiffs were empowered by law and authorized by their stockholders to engage in a competitive line of business, but that, during the tax year, moneys of these national banks were in fact employed in substantial amount in some line of business which was carried on, during the year, by less heavily taxed non-banking concerns." (*First Nat. Bank* v. *Louisiana Tax Comm.*, 289 U. S. 60.)

On the record before us comparison between assessments on this bank's shares and those on other moneyed capital in the hands of individual citizens of this State competing with this bank is not available. If assessments have been made at different rates, the fact has not been shown. Discrimination must be proved and it can be proved only by production of evidence on a trial or by concession. Since an issue of fact is present, plaintiff is not entitled to summary judgment.

The order should be affirmed, with costs, and the question certified answered, " No."

POUND, Ch. J., CRANE, KELLOGG and CROUCH, JJ., concur; LEHMAN, J., dissents; HUBBS, J., not sitting.

Order affirmed, etc.