LIBERTY BANK OF BUFFALO, Appellant, *v.* CITY OF BUFFALO, Respondent.

Fourth Department, May 9, 1934.

*R. Randolph Hicks* and *John W. Van Allen,* for the appellant.

*George L. Grobe, Corporation Counsel [Jeremiah J. Hurley, Assistant Corporation Counsel,* of counsel], for the respondent.

PER CURIAM. We agree with the learned Special Term that causes of action  in the amended complaint numbered " first," " second," " third," " fifth," " sixth," " seventh," " eighth " and " ninth " are barred by the six-year Statute of Limitations; cause of action numbered " fourth " is based upon a payment by a State bank of a tax assessed against its shareholders under chapter 897 of the Laws of 1923. ▉ This statute is not unconstitutional even as to taxation of capital invested in national banks. (*Peoples Nat. Bank & Trust Co.* v. *County of Westchester,* 261 N. Y. 342.)   We find in the complaint, therefore, no basis for a claim of invalidity as to the taxation of capital invested in State banking institutions.

In cause of action numbered " tenth " the allegations are sufficient. The payment of the tax by the national bank was not voluntary. (*People ex rel. American Exchange Nat. Bank* v. *Purdy,* 196 N. Y. 270; *People ex rel. First Nat. Bank* v. *Schadt,* 237 App. Div. 233.) Sufficient facts are alleged in the complaint to show inequality and discrimination in the taxation of the shares of the national bank which were taxed. (*Public Nat. Bank* v. *Keating,* 284 U. S. 587, affg. 47 F. [2d] 561, affg. 38 id. 279.) The action was brought within six years after the payment of the tax. The original complaint, as well as the amended complaint, sufficiently set out the cause of action. The date of the service of the summons must, therefore, be held to be the date of the beginning of the action when applying the Statute of Limitations. (*Friederichsen* v. *Renard,* 247 U. S. 207; *N. Y. C. & H. R. R. R. Co.* v. *Kinney,* 260 id. 340; *Harriss* v. *Tams,* 258 N. Y. 229.)

All concur.

Judgment reversed on the law as to alleged cause of action No. 10, and as to such cause of action the motion is denied, and otherwise judgment affirmed, without costs on this appeal.