PAUL E. MOSES, Plaintiff, *v.* ROBERT M. BENJAMIN et al.,
Defendants.

Supreme Court, Special Term, New York County, May 15, 1945.

*Heermance, Glassberg & Henry* for plaintiff.

*Spence, Hotchkiss, Parker & Duryee* for defendants.

STEUER, J.   According to the complaint the cause of action pleaded accrued on either February 11, or March 8, 1943.   It is unnecessary to determine which date is applicable.   Service of summons was completed on all of the defendants on February

7, 1945. This was within the period allowed by the Statute of Limitations. Notice of appearance was served by mail on behalf of all defendants on February 9, 1945. The notice contained a demand for the service of a copy of the complaint. Service of the complaint became due March 5, 1945 (Civ. Prac. Act, §§ 257, 164). On April 25, 1945, a complaint was attempted to be served but was returned by the defendants. Plaintiff seeks to open his default and permission to serve his complaint on any date directed by the court. Defendants oppose this application and cross-move to dismiss the action for failure to serve the complaint and in the alternative if the default be opened to dismiss the complaint under subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that the same is barred by the Statute of Limitations.

Plaintiff has submitted a sufficient affidavit of merits and a reasonable excuse for the delay. The discretion of the court might well be exercised to relieve him from his default. The question then arises whether his action is barred by the expiration of the time limited. Taking the more favorable of the dates mentioned at the outset the action would be barred unless asserted on or before March 8, 1945. Had the complaint been served when it was required no question would be presented. Even if the complaint had been served subsequently and the intervening period covered either by stipulation or order the date of the complaint would revert, for the purposes of limitation, to the date of the service of the summons (Civ. Prac. Act, § 16). The question presented is whether service of the complaint will so revert if now allowed. It would seem not. While the precise situation does not seem to have been the subject of judicial discussion or determination the solution of the problem is so illumined by decision in analogous cases that no doubt remains.

When an amendment to a complaint is made as of right the amended complaint speaks from the same date as does the original complaint. When the amendment is permitted by the court in the sound exercise of discretion it nevertheless dates from the date of its service and the cause of action is held to be asserted on that date. (*Harriss* v. *Tams,* 258 N. Y. 229.) The reasoning is that until that time no cause of action has been asserted on the new matter embraced in the amendment.

Here no cause of action of any kind was asserted though the plaintiff did, in effect, give notice that he would assert one as of the date of his summons. He allowed his opportunity to do so to pass. He therefore seeks the favor of the court to allow

him to make his claim. Had he made it on time and now sought to change it he would be subject to the bar. He can be in no better situation because up till now he has asserted no claim at all.

Both motions are granted.