JOHN L. GREEN, Respondent, v. ANNA R. DEGAN et al., Appellants.— Action to set aside a deed executed by defendant Anna R. Degan to her daughter, Audrey R. Garguilo, and for other and alternative relief. On appeal from order denying motion to strike out certain allegations of the complaint and to require plaintiff to serve an amended complaint making more definite and certain other paragraphs therein, order modified on the law and the facts by striking out the words " in all respects denied " and inserting in place thereof the following: " granted to the extent of striking from paragraph III of the complaint the subdivision beginning with the words ' That some years prior thereto' and ending with the words ' was unwilling to pay'; and directing that an amended complaint be served making more definite and certain subdivision 2 of paragraph IV, and paragraph XIII." As thus modified, the order is affirmed, with $10 costs and disbursements to appellants, with leave to plaintiff to serve an amended complaint within ten days from the entry of the order hereon. The matter struck out is irrelevant and prejudicial. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

GERMAINE GUNTZER, Respondent, v. COUNTY OF WESTCHESTER, Appellant.— In an action against the county of Westchester to recover damages for personal injuries sustained by plaintiff, order of the County Court, Westchester County, granting plaintiff's motion to extend her time to serve a complaint and denying defendant's cross motion to dismiss the action, affirmed, with $10 costs and disbursements. (See Civ. Prac. Act, §§ 16, 17, 218; *Liberty Bank of Buffalo* v. *City of Buffalo*, 241 App. Div. 323, 324; *Friederichsen* v. *Renard*, 247 U. S. 207.) Lewis, P. J., Carswell and Johnston, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the order, to deny plaintiff's motion and to grant defendant's cross motion on the authority of *Harriss* v. *Tams* (258 N. Y. 229) and *Liberty Bank of Buffalo* v. *City of Buffalo* (241 App. Div. 323). [See *post* pp. 966, 1008.]

HARRY JAFFY, Appellant-Respondent, v. YOUNG & HALSTEAD COMPANY et al., Respondents, and A. JOHN GATENELLOW, Appellant.— In an action by plaintiff, a real estate broker, to recover commissions on the sale of a house on the ground that he was the procuring cause thereof, and to recover damages against the seller, the purchasers, and the broker who received the commissions, on the ground that their deceit deprived plaintiff of the commissions he would have otherwise received, there was a verdict against only the broker who received the commissions. On appeal by defendant Gatenellow from the judgment of June 3, 1947, as amended by the order and judgment (one paper) of the County Court, Westchester County, dated October 8, 1947, the order and judgment, insofar as appealed from, is unanimously affirmed, with costs. On appeal by plaintiff from the order and judgment (one paper) of the County Court, Westchester County, dated October 8, 1947, insofar as it dismisses the complaint against Young & Halstead Company and the Cambareris, the order and judgment is reversed on the facts, the action severed, and a new trial ordered, with costs to plaintiff-appellant to abide the event. Appeals from judgments of the Westchester County Court dated May 28, 1947, and June 3, 1947, and the order of the Westchester County Court dated July 3, 1947, dismissed, without costs. The undisputed facts show that there was a conspiracy among defendants to deprive plaintiff of his commissions, which he would have received were it not for the deceit practiced by defendants. The verdicts in favor of the seller and the purchasers of the property involved, absolving them from responsibility, were against the weight of the evidence. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.