■ ALBERT L. ABRAMS et al., Respondents-Appellants, v COMMUNITY SERVICES, INC., et al., Appellants-Respondents, and the STATE OF NEW YORK et al., Appellants-Respondents, et al., Defendant.—Appeal from order, Supreme Court, New York County, entered November 3, 1978, dismissed as academic, without costs or disbursements. Order, Supreme Court, New York County, entered July 23, 1979, which, inter alia, granted the motions to

dismiss the first and second causes of action of the amended complaint against defendants State of New York and the New York State Housing Finance Agency (Agency) and the third through eleventh causes of action of the amended complaint against all defendants, unanimously reversed, on the law, without costs or disbursements, the motions denied, and the first and second causes of action against the State and Agency and the third through eleventh causes of action reinstated. In our view the allegations in the first and second causes of action of the amended complaint are sufficient to state a claim against both the State and the Agency for fraud and should not have been dismissed against those defendants. The amended complaint charges the State and the Agency with not only knowing approval of, but also the intentional participation in, the alleged fraudulent representations and concealments. It further alleges that the State and Agency conspired to defraud plaintiffs and knowingly participated in the fraud by enabling the other defendants to make deliberate representations and by actively approving and permitting those representations with prior knowledge of their falsity. Instances of the misrepresentations, concealments and deceptions are specifically pleaded. Accordingly, we reinstate the first and second causes of action against the State and Agency. Nor should the derivative causes of action in the third through eleventh causes of action of the amended complaint have been dismissed. The service of an amended complaint did not require the making of a new demand on Riverbay's board of directors. A complaint amended by right relates back to and speaks as of the time of the filing of the original complaint. *(Moses v Benjamin,* 185 Misc 50, 51.)* As Special Term found, when the original complaint was filed, the board was not independent of State control. Thus, plaintiffs were under no obligation to make demand on the board before serving this amended complaint, even though the composition of the board may have changed. Finally, inasmuch as an amended complaint was served, any appeal from the disposition of the motion directed to the original complaint is academic *(Guibor v Manhattan Eye, Ear & Throat Hosp.,* 56 AD2d 359; *Halmar Distrs. v Approved Mfg. Corp.,* 49 AD2d 841; *Miller v Delaware, Lackwanna & Western R. R. Co.,* 204 App Div 80), and the appeal from that order must be dismissed. We note, however, that if we did reach the merits we would affirm. Concur—Murphy, P. J., Fein, Sullivan and Lynch, JJ.