■ THOMAS J. LYNCH, Respondent, v ELIZABETH A. LYNCH, Appellant.—In a divorce action, defendant appeals from an order of the Supreme Court, Suffolk County, dated April 15, 1980, which treated her motion for summary judgment or "reargument" solely as one for reargument and denied the motion as untimely. (We deem the motion to be for renewal and summary judgment on the ground that there was another action pending.) Order reversed, on the law, without costs or disbursements, defendant's motion granted as to renewal and upon renewal, order dated January 31, 1980 vacated, and summary judgment awarded to the extent of staying the instant action until the final determination of defendant's New Jersey action. Special Term, taking the movant defendant at her word, erred in holding that her motion was one for reargument of that court's order dated January 31, 1980, which permanently enjoined her from prosecuting a divorce action against the plaintiff outside of New York. In fact, it was for summary judgment (per earlier stipulation) and for renewal, since it was based on an event that occurred after rendition of the January 31, 1980 order, to wit, the decision of the Superor Court of Bergen County, New Jersey. The latter court held that the filing of defendant's complaint for divorce in the Superior Court prior to the date when she was served with the summons and complaint in her husband's New York action for divorce required denial of the husband's motion to dismiss the wife's New Jersey action. Plaintiff admits that his wife's filing of her complaint with the Superior Court of New Jersey (per rule 4:1 of the Rules Governing Civil Practice in the Superior Court, County Courts, and Surrogate's Courts) on December 6, 1979 preceded the commencement of his New York action on December 13, 1979. He claims, however, that since no *summons* in the New Jersey action was ever served upon him[1], his New York action had precedence. Rule 4:2-2 of the afore-mentioned New Jersey Rules states that "A civil action is commenced by filing a complaint with the court." Rule 4:4-1 states that "If a summons is not issued within 10 days after the filing of the complaint the action *may* be dismissed in accordance with R. 4:37-2(a)" (emphasis supplied). The latter rule states that upon such noncompliance "the court in its discretion *may on defendant's motion* dismiss any action or any claim against him" (emphasis supplied). The New Jersey courts have held that the 10-day rule for issuing a summons was designed to constitute an early advisement to the defendant of the existence of the complaint *(X-L Liqs. v Taylor,* 17 NJ 444; *Byrd v Ontario Frgt. Lines Corp.,* 39 NJ Super 275). Here, the service of the complaint itself constituted an advisement no later (and certainly more detailed) than would have been the case if the summons alone had been served. The New Jersey cases hold that the failure to serve a summons within 10 days does not preclude personal jurisdiction (see *Rogers v Dubac,* 52 NJ Super 360). In *Byrd v Ontario Frgt. Lines Corp.,* 39 NJ Super 275, 277, *supra)* the court said: "It seems rational to believe that if the architects of our procedural rules intended that

---

1. Instead, an order to show cause and moving affidavit were allegedly served with the complaint. Whether such papers were an adequate substitute for the summons is moot, for, as hereinafter set forth, the nonservice of a summons, under the circumstances, was not a jurisdictional defect under New Jersey law.

the requirement of the punctual issuance of the summons is to be regarded as an essential component of due process, it would not have categorized an application for the dismissal of the complaint * * * as a discretionary matter." Here, the plaintiff cross-moved in his wife's New Jersey action to dismiss her complaint on the ground that his New York divorce action had priority. Included in the papers before the New Jersey court was an affidavit by the wife's New Jersey attorney that on December 7, 1979 (the day after the New Jersey complaint was filed), he served the complaint and other papers (which did not include the summons) by certified and regular mail addressed to the husband's New York residence. The March 3, 1980 decision of the Superior Court of New Jersey included in its finding: "New Jersey Summons and Complaint filed December 7, 1979."[2] The decision further "holds that the New Jersey action was filed first and therefore the cross-motion to dismiss plaintiff's action is denied." It is undisputed that the New Jersey complaint was filed with the court seven days before commencement of the husband's New York action. The New Jersey court could rationally find that the complaint was served by certified and regular mail the very next day after it was filed, despite the husband's avermen that he did not receive it. It was up to the husband to ask the New Jersey court to exercise its statutorily granted discretion not to excuse the failure to serve the summons. The husband's failure to present that specific issue by a rule 4:37-2 motion to the Superior Court constituted a waiver of that non-jurisdictional defense . (see *Rogers v Dubac*, 52 NJ Super 360, *supra)*. Since the wife's New Jersey action was validly commenced before the husband's New York action, the latter should be stayed until the former is finally determined (see CPLR 3211, subd [a], par 4). Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

---

2. The court was in error as to the summons, since the afore-mentioned affidavit of service made no mention of a summons.