■ THEODORA BERGER, Appellant, v MARTIN BERGER, Respondent. — In a divorce action, plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 30, 1981, which granted defendant's motion to dismiss plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 4) and denied, as academic, plaintiff's cross motion, pursuant to CPLR 602, for a joint trial of the actions pending between the parties. Order reversed, with $50 costs and disbursements, defendant's motion is denied, plaintiff's complaint is reinstated, and plaintiff's cross motion, pursuant to CPLR 602, for a joint trial of the two actions for divorce pending between the parties is granted. In February, 1980 defendant commenced an action for divorce against plaintiff on the ground of adultery. In her answer to that complaint plaintiff alleged adultery as an affirmative defense, and asserted a counterclaim "IN THE NATURE OF A SPECIAL PROCEEDING FOR SUPPORT AND MAINTENANCE". In that counterclaim, she asserted that defendant had abandoned her on or about August 18, 1978. Thereafter, in August, 1980, plaintiff commenced the instant action for divorce, on the ground of adultery alleged in her affirmative defense to defendant's action for divorce, and on the ground of abandonment continuously from August 18, 1978. Defendant moved to dismiss the plaintiff's complaint pursuant to CPLR 3211 (subd [a], par 4) because "the causes of action alleged therein are virtually identical to the affirmative defense and counterclaim contained in [plaintiff's] previously submitted answer." Plaintiff cross-moved, pursuant to CPLR 602, for an order directing a joint trial of the actions pending between the parties. In the order appealed from, entered March 30, 1981, Special Term granted defendant's motion to dismiss plaintiff's action for divorce, and denied as academic plaintiff's cross motion for a joint trial. We reverse. The fact that there was another matrimonial action pending between the parties, and that plaintiff had asserted defendant's alleged adultery as an affirmative defense to that action, did not preclude her from commencing a separate action for divorce (see *Valladares v Valladares,* 80 AD2d 244; *Urbanski v Urbanski,* 107 Misc 2d 215; *Davis v Davis,* 150 NYS 636). Further, her counterclaim in the prior action, "IN THE NATURE OF A SPECIAL PROCEEDING FOR SUPPORT AND MAINTENANCE", is not a "matrimonial action" as defined in section 236 (part B, subds 2, 5) of the Domestic Relations Law, and is not for the same or substantially the same relief demanded in plaintiff's action for divorce (see *Kent Dev. Co. v Liccione,* 37 NY2d 899; *Gregory v Wilkes,* 26 Misc 2d 641). Therefore, that counterclaim cannot be considered "another action pending between the same parties for the same cause of action", which could justify dismissal of her cause of action for divorce

on the grounds of abandonment (see CPLR 3211, subd [a], par 4). Consequently, defendant's motion to dismiss plaintiff's action, pursuant to CPLR 3211 (subd [a], par 4) must be denied. Since the two matrimonial actions pending between the parties involve common questions of law and fact, plaintiff's cross motion for a joint trial should be granted (see CPLR 602, subd [a]; *Valladares v Valladares, supra)*. Damiani, J.P., Lazer, Gulotta and Margett, JJ., concur.