■ ALBERT L. ABRAMS et al., Appellants, v COMMUNITY SERVICES, INC., et al., Defendants; STATE OF NEW YORK et al., Respondents, and RIVERBAY CORPORATION, Appellant. — Order, Supreme Court, New York County (Blangiardo, J.), entered on June 22, 1981, which denied plaintiffs' motion and defendant Riverbay's cross motion to dismiss the first and third counterclaims asserted by defendant State of New York in its answer and which denied, without prejudice to renew, the claim of these parties that the first and third counterclaims may not be asserted against absent class members, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of

granting plaintiffs' motion to dismiss the first and third counterclaims, with leave to serve an amended answer in proper form, if so advised, and, as so modified, the order is affirmed, without costs or disbursements. Preliminarily, we note that, although defendant Riverbay has filed a notice of appeal, no further steps have been undertaken to perfect that appeal. In addition, this is the second opportunity this court has had to review a portion of the pleadings in this matter. In *Abrams v Community Servs.* (76 AD2d 765) this court determined that 11 of plaintiffs' causes of action of the amended complaint sufficiently stated a claim against the defendants. We are now asked to review certain counterclaims interposed in the responsive pleading of the State of New York. The State, as is here pertinent, alleged in its first counterclaim that the plaintiffs knowingly submitted fraudulent applications in order to qualify to purchase an apartment in Co-op City, a government subsidized housing complex. In the third counterclaim, it is alleged, the plaintiffs filed fraudulent annual financial statements, knowingly understating their income, to avoid the payment of certain surcharges. The plaintiffs and defendant Riverbay sought to dismiss these counterclaims on the grounds that they failed to state a cause of action and were not properly interposed. A cause of action which is asserted in a counterclaim should be treated as if it were alleged in a complaint (CPLR 3019, subd [d]). These allegations should, therefore, sufficiently set forth a cause of action. However, where a cause of action is contained in a complaint or in a counterclaim and these pleadings allege fraudulent conduct, "the circumstances constituting the wrong shall be stated in detail." (CPLR 3016, subd [b]). In the counterclaim of the State, this required particularization is lacking as to the named plaintiffs. The State has pleaded, only in general terms, that these 47 plaintiffs, and all who are to be included in the future, have engaged in a fraud without specifying what individual plaintiffs were involved. Nor is there stated, in detail, the conduct these plaintiffs allegedly engaged in which constitutes the now complained-of wrong. The allegations in these counterclaims are mere conclusions and not sufficient to state a cause of action. As to absent members of this class, who are to be determined *in futuro,* and the effect of these counterclaims on them, we have not reached, nor do we pass upon, this issue. As the able Justice at Special Term recognized, such a determination prior to class certification would be premature and advisory in nature. Concur — Kupferman, J. P., Sandler, Ross, Carro and Fein, JJ.