■ EARL BEER, Appellant, v CYNTHIA BEER, Respondent. (Action No. 1.) CYNTHIA BEER, Respondent, v EARL BEER, Appellant. (Action No. 2.) — In actions for divorce, Earl Beer (plaintiff in Action No. 1 and defendant in Action No. 2) appeals (1) from so much of an order of the Supreme Court, Nassau County (Altimari, J.), dated November 12, 1980, as (a) granted the cross motion of Cynthia Beer (defendant in Action No. 1 and plaintiff in Action No. 2) to dismiss the first cause of action of his complaint and (b) ordered a joint trial of the actions, (2) from a further order of the same court, also dated November 12, 1980, which denied his motion to dismiss the complaint in Action No. 2, and (3) from so much of a third order of the same court, dated February 19, 1981, as (a) upon granting reargument of the prior motions, adhered to the original determinations and (b) permitted Cynthia Beer to have discovery via interrogatories. Appeals from the orders dated November 12, 1980 dismissed, without costs or disbursements. Those orders were superseded

by the order granting reargument. Order dated February 19, 1981 modified, on the law, by adding a provision that Action No. 1, wherein Earl Beer is plaintiff, insofar as it relates to the second and third causes of action, is controlled by part A of section 236 of the Domestic Relations Law, and Action No. 2, wherein Cynthia Beer is the plaintiff, is controlled by part B of said statute. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The attempted acknowledgment by the husband of the wife's signature to the separation agreement executed more than two years earlier was defective (see Real Property Law, § 292). Therefore, the agreement could not be the foundation for an action for divorce (see Domestic Relations Law, § 170, subd [6]). Thus, the husband's first cause of action, for a conversion divorce, was properly dismissed (see Cicerale v Cicerale, 85 Misc 2d 1071, affd 54 AD2d 921). The husband's amended complaint, adding two causes of action which are facially sufficient, relates back to the date of institution of his original action, since it was amended pursuant to CPLR 3025 (subd [a]) without leave of the court (see Guntzer v County of Westchester, 273 App Div 902, affd 298 NY 755; Abrams v Community Servs., 76 AD2d 765; Weinstein-Korn-Miller, NY Civ Prac, vol 1, pars 203.29, 203.33; vol 3, par 3025.09; 2 Carmody-Wait 2d, NY Prac, § 13:244, p 661). Therefore, the husband's action is deemed to have been commenced prior to July 19, 1980 and is not subject to the equitable distribution provisions of part B of section 236 of the Domestic Relations Law. However, since the wife's divorce action for cruel and inhuman treatment (which, we hold, is also facially sufficient) was instituted after July 19, 1980, her action (assuming she is successful and her husband is not in his action) may be the basis for equitable distribution. As was stated in Valladares v Valladares (80 AD2d 244, 257): "In the case where there are two matrimonial actions pending, one commenced before July 19, 1980 and the other commenced on or after July 19, 1980, the actions may be consolidated for trial purposes (see CPLR 602, subd [a]). If only one party prevails, the date on which that party's action was commenced will be deemed controlling. However, where both parties assert meritorious claims in separate actions, the court is faced with two controlling dates, and two conflicting statutory schemes (see Cooper v Cooper, 103 Misc 2d 689, 695, supra). In that instance, the date on which the first action was commenced should be deemed controlling (cf. Lynch v Lynch, 79 AD2d 675), and in the case of a dual divorce, part A of section 236 would normally preclude an award of alimony to either spouse (see Cooper v Cooper, supra, p 695)." Under the circumstances, Special Term properly held that the wife was entitled to the initial disclosure device of interrogatories with respect to the husband's finances. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.