■ LAUREN WOOD, Respondent, v RONALD WOOD, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered October 29, 1981, which granted plaintiff's motion to dismiss defendant's action for divorce and denied defendant's cross motion for consolidation, unanimously reversed, on the law, without costs, to deny plaintiff's motion to dismiss and grant defendant's cross motion for consolidation. Plaintiff wife brought an action for divorce against her husband on June 24, 1980. Defendant brought a separate action for divorce on March 16, 1981 seeking, *inter alia*, equitable distribution of the marital property under part B of section 236 of the Domestic Relations Law, which applies to matrimonial actions commenced on or after July 19, 1980. Plaintiff moved to dismiss defendant's complaint on the ground that there was another action pending for the same cause. The court granted the motion, holding that "[a] party cannot bring a matrimonial action under the new law to circumvent the prospective application of the equitable distribution law." We disagree, and accordingly reverse. The Appellate Division, Second Department, recently addressed a similar issue, but one with a crucial difference, in *Valladares v Valladares* (80 AD2d 244). In that case the defendant had interposed a *counterclaim* for divorce after July 19, 1980, in a divorce action which had been commenced prior to that date. The court held that the defendant wife in *Valladares* could not seek equitable distribution because the determinative time for purposes of the application of part B of section 236 of the Domestic Relations Law is not when the counterclaim was interposed, but when the action in which it was interposed was commenced, and the Court of Appeals affirmed on that ground (*Valladares v Valladares*, 55 NY2d 388). The Appellate Division went on to state in dictum (pp 256, 257) that "Mrs. Valladares may only come within the ambit of part B of section 236 if she commences a separate action on her claim" and that "where there are two matrimonial actions pending, one commenced before July 19, 1980 and the other com-

menced on or after July 19, 1980, the actions may be consolidated for trial purposes (see CPLR 602, subd [a]).￼" The court further stated (at p 257): "If only one party prevails, the date on which that party's action was commenced will be deemed controlling. However, where both parties assert meritorious claims in separate actions, the court is faced with two controlling dates, and two conflicting statutory schemes (see *Cooper v Cooper,* 103 Misc 2d 689, 695, *supra*). In that instance, the date on which the first action was commenced should be deemed controlling (cf. *Lynch v Lynch,* 79 AD2d 675), and, in the case of a dual divorce, part A of section 236 would normally preclude an award of alimony to either spouse (see *Cooper v Cooper, supra,* p 695)." When the issue was directly presented in a subsequent case, on facts essentially indistinguishable from those presented in the case at bar, the Appellate Division, Second Department, held that the existence of a matrimonial action pending between the parties does not preclude the defendant in the first action from commencing a later action for divorce after the effective date of the Equitable Distribution Law if he or she has not previously instituted a "matrimonial action" as defined in part B of section 236 of the Domestic Relations Law. (*Berger v Berger,* 84 AD2d 545.) We agree. Accordingly, plaintiff's motion to dismiss defendant's subsequent action for divorce should have been denied, and defendant's cross motion to consolidate the two actions should have been granted. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.