■ JAY M. MOTLER, Appellant, v SUSAN MOTLER, Respondent. — Appeal from that part of an order of the Supreme Court at Special Term (Williams, J.), entered January 13, 1982 in Ulster County, which granted defendant leave to withdraw her counterclaim and ordered a hearing upon defendant's motion to modify a previous order awarding temporary maintenance. Plaintiff commenced this action for divorce on July 17, 1980, two days before the effective date of part B of section 236 of the Domestic Relations Law. In her answer served August 7, 1980, defendant asserted a counterclaim for divorce on grounds of cruel and inhuman treatment or abandonment and for child custody, support, alimony, possession of the marital home and counsel fees. By order made April 25, 1981, defendant was granted leave to amend her counterclaim. Although its decision identified the issue of the applicability of the new Equitable Distribution Law, the court made no determination

thereon. The court did restrict pretrial disclosure to that permitted prior to the effective date of the Equitable Distribution Law. Apparently, defendant abandoned an appeal from said order, electing instead, after the Appellate Division decision in *Valladares v Valladares* (80 AD2d 244) to again move by order to show cause for leave to discontinue her counterclaim. The application was granted by order dated January 12, 1982, from which order plaintiff has appealed. The issue squarely presented on this appeal is whether leave may be granted a defendant to discontinue a counterclaim interposed after the effective date of part B of section 236 of the Domestic Relations Law, the "Equitable Distribution Law", when the summons and complaint were served prior to that date. Defendant's conceded purpose in seeking to discontinue her counterclaim was to take advantage of the court's substantially enlarged power under part B of section 236 to distribute property held during the marriage. It is now settled that our courts will not permit circumvention of the statutory demarcation date either by permitting amendment of a complaint or an answer served prior to July 19, 1980 in a pending matrimonial action, or by granting an order of discontinuance of such an action pursuant to CPLR 3217 (subd [b]) (*Zuckerman v Zuckerman,* 56 NY2d 636; *Pollack v Pollack,* 56 NY2d 968; *Tucker v Tucker,* 55 NY2d 378; *Valladares v Valladares,* 55 NY2d 388, affg 80 AD2d 244). Defendant seeks to distinguish her case on the basis that the counterclaim was interposed *after* the statutory effective date. We find merit in the distinction. In effect, defendant's motion for discontinuance and the decision at Special Term were premised on Justice Titone's decision in *Valladares v Valladares* (80 AD2d 244, *supra*), which expressly addressed the present factual situation: "The result would be different if the moving party had interposed a counterclaim on or after July 19, 1980 in an action commenced before July 19, 1980, and thereafter sought leave to discontinue the counterclaim in order to commence a separate action governed by part B of section 236 of the Domestic Relations Law. If the claim could have been brought in the form of an action governed by part B of section 236 at the time it was first interposed, discontinuance would only serve to correct a tactical error of form and not of substance (see *Ruderman v Brunn,* 65 AD2d 771, *supra; Schimansky v Nelson,* 50 AD2d 634, *supra*)" (*id.,* at p 259). On this premise, defendant argues that since she could have commenced an independent action after July 19, 1980 (rather than interposing a counterclaim in the pending action, as she did) discontinuance would serve only to permit correction of a tactical error of form, not substance, and should, therefore, be allowed. We agree. Because counterclaims are not compulsory under New York civil procedure, defendant clearly had the right to proceed by way of an independent action. It has been held that a party responding to a matrimonial action commenced prior to the effective date of the Equitable Distribution Law is not prevented from commencing a subsequent independent action involving the same issues in order to take advantage of the new law (*Valladares v Valladares,* 80 AD2d 244, 256-259, affd 55 NY2d 388, *supra;*[*] *Berger v Berger,* 84 AD2d 545). Clearly then, defendant's failure to commence a separate action constituted a tactical blunder. Where, as here, discontinuance is required and sought, the application is addressed to the sound discretion of the court, which should be exercised in favor of discontinuance unless substantial rights have accrued or the adversary's rights would be prejudiced thereby (Siegel, New York Practice, § 297, p 353). We find this case distinguishable from our recent decision in *Battaglia v Battaglia* (90 AD2d 930) where a summons and notice for divorce had been served on *January 3, 1978,* and only after the new law became effective two and one-half years later did the plaintiff, who started the lawsuit,

---

* The majority in the Court of Appeals in its affirmance of *Valladares* expressly declined to reach this issue (see 55 NY2d, at p 393, n 3).

attempt to voluntarily discontinue that action. Here, defendant's first opportunity to respond occurred after the statutory effective date and only the erroneous tactical decision to proceed by way of counterclaim instead of commencing a separate action stands between her and potential equitable distribution of the marital assets. Moreover, we are not unmindful that plaintiff's commencement of this action two days before the new law became effective was an obvious effort to preclude defendant from the benefits of equitable distribution. Nor has plaintiff been substantially prejudiced since defendant can obtain equitable distribution only if she is successful in her counterclaim and plaintiff is unsuccessful in his action (*Beer v Beer*, 87 AD2d 805, 806; *Valladares v Valladares*, 80 AD2d 244, 257, *supra*). Under these circumstances, the motion for discontinuance was properly granted. Finally, we cannot agree that defendant's application to discontinue was an attempt to circumvent the April 25, 1981 order at Special Term, since that court expressly declined to resolve the issue of whether equitable distribution applies to a counterclaim interposed after the effective date of the new law. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.