■ VICTORIA OFORI, Respondent, v VICTOR K. OFORI, Appellant. — In a divorce action, defendant husband appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated March 24, 1981, which, *inter alia,* declared that a judgment of divorce issued by the High Court of Ghana was a nullity. Order modified, on the law and the facts, by deleting the first decretal paragraph thereof and substituting therefor the following: "ORDERED that the judgment of divorce issued by the Ghana Court on June 20, 1980, be and the same hereby is declared valid and entitled to recognition by the courts of this State, under the principle of comity; and it is further". As so modified, order affirmed, without costs or disbursements. The findings of fact are reversed. Plaintiff's personal appearance in the Ghana divorce action instituted by defendant while both were in Ghana, and particularly the admission, contained in her answer in that action, of the jurisdictional factual contentions contained in the petition, bar her from relitigating the issue of the validity of the Ghana divorce decree. (See *Lynn v Lynn,* 302 NY 193.) We find that the jurisdiction of the Ghana court was not obtained by fraud and its decree is entitled to comity. The fact that the Ghana court did not award alimony (perhaps because the wife did not request it) as ancillary to its award to the husband of what was essentially a "no fault" divorce, is not contrary to the public policy of this State, even though both are New York residents. (See *Greschler v Greschler,* 51 NY2d 368.) Except with respect to alimony, we agree with Special Term that the *pendente lite* relief sought by plaintiff involves matters which must be placed on its Hearing Calendar. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.