■ DAVID FOX, Respondent, v SIV FOX, Appellant. (Action No. 1.) SIV FOX, Appellant, v DAVID FOX, Respondent. (Action No. 2.) — In actions, *inter alia,* for a divorce, the wife appeals from an order of the Supreme Court, Westchester County (Isseks, J.), entered February 17, 1981, which (1) granted the husband's motion pursuant to CPLR 3211 (subd [a], par 4) to dismiss the wife's complaint, and (2) denied the wife's cross motion (a) pursuant to CPLR 602 for

a consolidation of the actions pending between the parties, and (b) for an order compelling the husband to accept the wife's notice of discontinuance of certain of the counterclaims asserted in her answer to the husband's second amended verified complaint. Order affirmed, without costs or disbursements. In 1979, the husband commenced an action for divorce on the ground of cruel and inhuman treatment. The wife counterclaimed, *inter alia,* for divorce on the grounds of cruel and inhuman treatment and adultery, and the husband served a verified reply to those counterclaims. Prior to July 19, 1980, the husband served a "second amended verified complaint", asserting new acts of cruel and inhuman treatment, and asserting a cause of action for divorce on the ground of constructive abandonment and three causes of action for divorce based upon claims of adultery. On or about August 15, 1980, the wife answered the "second amended verified complaint", reiterated the nine counterclaims asserted in her original answer, and asserted eight new counterclaims, seven of which dealt with disputes over property, and one of which alleged new acts of cruel and inhuman treatment. On September 2, 1980, the wife mailed a "notice of discontinuance without prejudice" to the husband's attorney, stating that she "discontinues her counterclaim to the plaintiff's [husband's] second amended verified complaint served upon the plaintiff on the 15th day of August, 1980". Also on September 2, 1980, the wife commenced an action for divorce, asserting 17 causes of action, which were identical to the 17 counterclaims asserted in her answer served on August 15, 1980. On September 5, 1980, the husband's attorney asked the wife's attorney to specify which of the 17 counterclaims were referred to in the notice of discontinuance. In a letter dated September 8, 1980, the wife's attorney replied: "The discontinuance of the Counterclaim only applies to fault and the related relief thereto as contained in defendant's pleading of August 15, 1980. All other allegations and counterclaims as contained in that pleading relative to the Constructive Trust and Finances remain intact." On September 10, 1980, the husband's attorney rejected the wife's notice of discontinuance, because "I have no idea what counterclaims you are withdrawing and which you are not." Then the husband moved to dismiss the wife's action for divorce "on the ground that: * * * there is another action pending between * * * [the parties] for the same cause of action" (see CPLR 3211, subd [a], par 4). The wife cross-moved for an order directing the husband to accept the notice of discontinuance, and asking for consolidation of her action for divorce with the husband's action for divorce. Special Term dismissed the wife's action for divorce, pursuant to CPLR 3211 (subd [a], par 4), and denied the wife's cross motion. We affirm. As a general rule, we perceive no legal impediment to the exercise of the statutory right to discontinue an action without prejudice and without leave of the court (see CPLR 3217, subd [a], par 1), in order to commence a new action governed by part B of section 236 of the Domestic Relations Law (see *Valladares v Valladares,* 80 AD2d 244, 257). However, in the instant case, the wife sought to discontinue, pursuant to CPLR 3217 (subd [a], par 1), counterclaims for divorce which were first asserted in 1979, when the husband served a responsive pleading. Her answer to the husband's "second amended verified complaint" purports to assert one new cause of action for divorce on the ground of cruel and inhuman treatment, based upon events which occurred subsequent to May, 1979. However, the wife's original counterclaims asserted in 1979 also alleged a cause of action for divorce on the ground of cruel and inhuman treatment. The question of whether a cause of action based upon cruel and inhuman treatment should be sustained depends on the totality of the conduct between the parties (see *Hessen v Hessen,* 33 NY2d 406). New instances of cruel and inhuman treatment "tend to show a continuance of maltreatment"

and "do not necessarily constitute a new and independent cause of action but are rather in aid of the plaintiff's cause of action * * * as made by her original pleading" (see *Smith v Smith,* 99 App Div 283, 285). The new allegations of cruel and inhuman treatment do not constitute a new cause of action for divorce, but merely assert new facts in support of a cause of action asserted as a counterclaim in the wife's original pleading, and with respect to which issue had been joined. Thus, the wife's notice of discontinuance pursuant to CPLR 3217 (subd [a], par 1) was untimely. Further, Special Term could not grant her leave to discontinue those counterclaims without prejudice, in order to preserve her action for divorce commenced subsequent to July 19, 1980, and governed by part B of section 236 of the Domestic Relations Law (see *Valladares v Valladares,* 80 AD2d 244, *supra*). Therefore, Special Term properly denied her cross motion and dismissed her action for divorce, on the ground that there was "another action pending between the same parties for the same cause[s] of action" (see CPLR 3211, subd [a], par 4). Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.