OPINION OF THE COURT
Jones, J.
A defendant in an action for divorce commenced prior to the effective date of the amendment to the Domestic Relations Law which enacted the “Equitable Distribution Law”, was properly denied leave to amend her answer after that date to demand property distribution in accordance with the amended statute as an incident to a counterclaim for divorce set out in the proposed pleading.
*390 On April 2, 1980 plaintiff husband commenced this action for divorce on the ground of cruel and inhuman treatment. The wife’s answer, in addition to denials, contained an affirmative defense of adultery on the part of the husband. At the time of service of the foregoing pleadings there had not yet been enacted the amendment to section 236 of the Domestic Relations Law, which was to incorporate in that statutory section a part B, commonly known as the “Equitable Distribution Law”, enlarging substantially the power of the court to distribute property held during marriage in certain matrimonial actions (L 1980, ch 281, § 9).[1]
After the effective date of the statutory amendment (July 19, 1980) the husband amended his complaint, pursuant to a court order granted without opposition, to add a second cause of action, predicated on adultery alleged to have been committed by the wife in June, 1980. Following service of an answer to the amended complaint, on October 2, 1980 the wife moved to amend that answer to assert a counterclaim for divorce on the ground of adultery and to demand equitable distribution of the marital property pursuant to part B of section 236 of the Domestic Relations Law, as amended. Her husband opposed the application. Supreme Court granted only a portion of the relief requested, permitting the wife, if she so chose, to amend her answer to add the counterclaim for divorce, but denying permission to add a request for equitable distribution. On her appeal the Appellate Division unanimously affirmed *391 the determination of Supreme Court. We now affirm the determination of the appellate court.
In so doing, we call attention at the outset to the circumstance that the granting of permission to amend a pleading when, as here, a motion for such relief is made under CPLR 3025 (subd [b]), normally lies within the sound discretion of the court. In order to disturb the exercise of that power as both courts below have exercised it[2] — adversely to the request to amend — we would have to conclude that, as a matter of law, defendant wife had an undeniable right to add to her answer a demand for marital property distribution pursuant to part B of section 236 of the Domestic Relations Law, as amended effective July 19, 1980. No such conclusion is compelled by the statute in question; indeed, it is the contrary conclusion (reached by both courts below) which is supported by and conforms to the mandate of new section 236.
The Legislature was meticulous in making explicit provision within its enactment of the 1980 amendment to the statute as to the applicability of the two substantive parts of amended section 236. The language employed is unequivocal — “part A shall be controlling with respect to any action or proceeding commenced prior to the date on which the provisions of this section as amended become effective”; “part B shall be controlling with respect to any action or proceeding commenced on or after such effective date”. On approval of the legislation by the Governor, July 19, 1980 became the watershed; property rights in actions commenced prior to that date are to be resolved in accordance with the law as set out in part A; only actions commenced subsequent to that date are subject to the equitable distribution provisions contained in part B. Because the present action was initiated when the summons was served on April 2, 1980 (Domestic Relations Law, § 211; CPLR 304), part B of section 236 of the Domestic Relations Law, as amended has no application to it and defendant wife’s request in this action for relief pursuant *392 to part B was properly barred from inclusion in her proposed amended answer. Accordingly, denial of her motion to amend in that respect was mandated as a matter of law.
The argument is made that, although the present action was begun before July 19,1980, the wife’s claim for divorce and for equitable distribution must be deemed to be interposed when her amended answer containing the counterclaim incorporating them would be served, which, because her motion to amend was made on October 2, 1980, would necessarily fall after the critical July date. Reliance for this proposition is placed by the wife on CPLR 203 (subd [c]) (counterclaim interposed when pleading containing it is served) and CPLR 203 (subd [e]) (claim asserted in amended pleading not deemed to be interposed when original pleading served if original pleading did not give notice of transactions to be proved under amended pleading) — two practice statute sections prescribing when claims are to be regarded as having been asserted for purposes of determining whether they are time barred.
Acceptance of the proposition behind CPLR 203 (subds [c], [e]) does not assist defendant wife in the present case, however, for the determinative time for applicability of part B of section 236 of the Domestic Relations Law is not when her claim was interposed but when the action in which it was interposed was commenced. Had the Legislature intended to draw a finer line and to differentiate, or to permit the courts to differentiate, between multiple claims asserted in a single matrimonial action (with respect to the applicability of the substantive provisions of part B of new section 236) language was available for it to do so. It did not elect to use such language, however, but designated commencement of the action as the critical event.
Moreover, it must be borne in mind that the legislation with which we are concerned was not the result of casual, pro forma enactment, but was the subject of intensive study, discussion and comment by a variety of groups across the State prior to its adoption. In view of the extensive and considered attention given this significant statutory amendment at the time of its drafting, debate and approval we cannot conclude that the choice of words *393 was inadvertent or that the phraseology employed was intended to have other than its plain meaning. Nothing in the submission of the wife is to the contrary, and legislative history to which our attention has been invited is consistent with the view we take. It is not the function of this court to discard the clear language adopted by the Legislature and, by a process of judicial legislative revision based on notions of procedural refinements, to substitute for it other words which, as CPLR 203 (subd [c]) and CPLR 203 (subd [e]) demonstrate, were known to the Legislature but were not employed in the statute as enacted.[3]
Defendant’s argument that, to accomplish the objective of the Legislature in amending section 236 of the Domestic Relations Law thereby to meet current social values in fairly distributing property accumulated during the course of a marriage, part B should be applied to litigation pending at the time of adoption, is one more properly addressed to that body — which made a determination to the contrary in the statute as enacted — rather than to this court.
Because there was no error in the disposition by the Appellate Division the order appealed from should be affirmed, with costs.

. Section 236 of the Domestic Relations Law, as amended, states its substantive provisions in two parts. Part A, providing for alimony and financial disclosure, is essentially similar to prior section 236 except that it is gender-neutral. Part B incorporates new, equitable distribution provisions for property held during marriage. As to applicability of the parts, the first sentence in the amendment provides: “Except as otherwise expressly provided in this section, the provisions of part A shall be controlling with respect to aiiy action or proceeding commenced prior to the date on which the provisions of this section as amended become effective and the provisions of part B shall be controlling with respect to any action or proceeding commenced on or after such effective date.” In a similar vein, subdivision 2 of part B provides in part: “Except as provided in subdivision five of this part [not affecting application as to time], the provisions of this part shall be applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, for a declaration of the validity or nullity of a marriage, and to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on and after the effective date of this part.”

. Based on the diction of the opinion at the Appellate Division it might be said that its affirmance of the denial of the wife’s motion was based on a determination of law rather than an exercise of discretion.

. As the dissenter notes, we do not reach or consider the contention that had Mrs. Valladares commenced an independent action after July 19,1980 (rather than interposing a counterclaim in the pending action, as she did), the rights of the parties in the independent action should then be determined under the provisions of part B of new section 236. That issue is not now before us. Whether, when the marital status of the parties has been placed in issue in an action commenced by one of them prior to July 19, 1980, the other, by instituting an independent post-July 19,1980 action, may avoid the effect of the legislatively fixed cut-off date remains to be adjudicated when the issue is properly raised before us.