OPINION OF THE COURT
Edward J. Greenfield, J.
Although this matrimonial action was assigned to me for trial, plaintiff wife has moved for an order staying the trial and striking this action from the calendar so that there can be adequate pretrial discovery on the issue of equitable distribution. Defendant husband vigorously contests this application, and urges that this is not an equitable distribution case. Both sides rely on the Court of Appeals decision in Valladares v Valladares (55 NY2d 388) and Tucker v Tucker (55 NY2d 378) to support their respective contentions.
This action was commenced by plaintiff wife in 1977 by seeking a judgment of separation for cruel and inhuman treatment, rescission of a prior stipulation and for the recovery of certain moneys. This was well before the effective date of the Equitable Distribution Law on July 19, 1980. In April, 1981, plaintiff wife amended her complaint for the first time seeking a divorce. Thus, she contends the divorce action was not commenced until after the effective date of the equitable distribution statute.
*277 In Valladares v Valladares (supra), the husband had commenced an action for divorce on the ground of cruel and inhuman treatment prior to the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236, L 1980, ch 281, § 9). After the effective date of the statute, the wife amended her answer to assert a counterclaim for divorce, demanding equitable distribution of the marital property. The Court of Appeals affirmed the denial of the wife’s request for equitable distribution. Relying on the statutory language calling for equitable distribution “with respect to any action or proceeding commenced on or after [the] effective date” (Domestic Relations Law, § 236), the court held that the action had been initiated when the husband commenced his action for divorce and not when the wife had interposed her claim. The court stressed (p 392) that the commencement of the action, and not the date when a particular claim was made, was “the critical event”.
In Tucker v Tucker (supra), the wife had commenced an action for divorce before the effective date of the equitable distribution statute, but then moved to discontinue her action so that she could commence a new one after July 19, 1980 in order to obtain the benefits of the equitable distribution statute. Again the court held that the rights of the parties were fixed, for the purpose of equitable distribution, at the time the original action was begun. The court declared (pp 384-385), “And in assigning individual cases to the one category or the other the phrase ‘an action commenced’ refers to the commonly understood initial institution of the action whereby the court first obtains jurisdiction of both husband and wife”.
The wife in this action argues that in Valladares (supra) and Tucker (supra) an action for divorce was already pending before the effective date of the equitable distribution statute, whereas here, there was no prayer for divorce until after the effective date. Such an argument misconceives the meaning of the statute and the interpretation placed on it by the Court of Appeals. The statute clearly refers to “any action or proceeding commenced prior to the [effective] date” (Domestic Relations Law, § 236). Clearly, there was an action between the parties which had been *278 commenced prior to the effective date. An amendment setting forth a different prayer for relief does not negate the pre-existence of an action. A matrimonial action was already being litigated between the parties although the specifics of that action were subject to amendment and variation. The 1981 amendment of the pleadings was not the commencement of “any action or proceeding.” Distinguished counsel for the plaintiff wife has failed to distinguish between an “action” and a “cause of action.” As indicated in Tucker, an action was commenced when the court first obtained jurisdiction of both husband and wife.
Nothing in any earlier decisions warrants a conclusion to the contrary. In Forcucci v Forcucci (83 AD2d 169), there had been a judgment of separation entered in 1971. Thereafter, there were several reconciliations and in July of 1980, an action for divorce was commenced. Since all prior actions had been terminated, the court properly held that, the new action was governed by equitable distribution. In this case, the action in which plaintiff wife seeks relief is not a new action. It bears Index No. 34489/77. That action has been pending continuously in this court from a time well before the effective date of the Equitable Distribution Law.
In Gellman v Gellman (80 AD2d 735), the action for divorce was commenced in February, 1979. The Appellate Division, Fourth Department, held that amendment of a complaint in a pre-existing matrimonial action to enable one party to claim applicability of the equitable distribution statute would be improper.
Beer v Beer (87 AD2d 805), holding that a wife’s later and separate divorce action may be the basis for equitable distribution, was decided by the Appellate Division, Second Department, before it was aware of the Court of Appeals decisions in Valladares (supra) and Tucker (supra). The same is true of the decision of the Appellate Division, Third Department, in Nemia v Nemia (86 AD2d 954). In Fox v Fox (85 AD2d 653), a wife was denied the right to discontinue counterclaims for divorce asserted prior to July 19, 1980 in order to bring on new counterclaims after the effective date of the Equitable Distribution Law. While the court (p 654) “perceive[d] no legal impedí *279 ment to the exercise of the statutory right to discontinue an action * * * in order to commence a new action” governed by the Equitable Distribution Law, it did not permit interposition of a new cause of action for divorce based upon the same facts and new facts showing a continuance of the mistreatment originally claimed. Of course the “legal impediment” was clearly perceived by the Court of Appeals. (Cf. Phelps v Phelps, 84 AD2d 911; Kaufman v Kaufman, 87 AD2d 1002.) Anything to the contrary in such cases has been resolved by the Court of Appeals in Valladares and Tucker. Of course, the parties may stipulate between themselves to have the Equitable Distribution Law govern even a pre-existing action. (See Nehorayoff v Nehorayoff, 108 Misc 2d 311; Jolis v Jolis, 111 Misc 2d 965.)
Accordingly, this case will proceed to trial on the basis of the causes of action as asserted, without the applicability of the Equitable Distribution Law. The motion for a stay and for striking the case from the calendar is denied.