opinion of the court
WlLMER J. PATLOW, J.
The court will first consider defendant’s application to dismiss plaintiff’s actions.
Defendant wife relies upon Barasch v Micucci (49 NY2d 594), the authoritative decision of the New York Court of Appeals construing CPLR 3012 (subd [b]), the statutory provision for dismissal upon failure to serve a complaint.
Having reaffirmed that the plaintiff must show a “reasonable excuse” for the delay, the Barasch court instructed (p 599): “While the decision as to what constitutes a reasonable excuse ordinarily lies within the sound discretion of the trial court, we would stress that those excuses which may be roughly categorized under the heading of‘law office failures’ cannot properly serve as a basis for defeating a motion to dismiss under CPLR 3012 (subd [b])”.
The Barasch court did acknowledge that the existence of prior settlement negotiations may be a relevant factor in the court’s determination (49 NY2d 594, 599-600, citing *829 Sortino v Fisher, 20 AD2d 25). This excuse, however, “ceases to have effect within a brief interval after the last communication” (Sortino v Fisher, supra, p 29).
The Court of Appeals in Barasch held that, as a matter of law, it was an abuse of discretion to deny defendant’s motion to dismiss, even in the absence of any prejudice to defendant, where there was a five- and one-half month delay in serving the complaint, the excuse for such delay amounted to law office failure, and plaintiff had supplied no affidavit of merit (see 49 NY2d 594, 600-601).
The Barasch opinion has been subsequently reaffirmed by the Court of Appeals (see, e.g., Cohen v First Nat. City Bank, 52 NY2d 863, affg 75 AD2d 837 [nine-month delay]; Merchandise Presentation v Blumenfeld, 52 NY2d 867, affg 74 AD2d 523 [10-month delay]) and its scope has even been expanded (see, e.g., Eaton v Equitable Life Assur. Soc. of U. S., 56 NY2d 900, applying Barasch to a defendant’s request to vacate his default).
It appears to this court, under the guidance of Barasch, that it would unquestionably be an abuse of discretion to deny defendant wife’s motion to dismiss Action No. 1 inasmuch as it was commenced several years ago and has since lain dormant.
Consideration of the Equitable Distribution Law (Domestic Relations Law, § 236, part B) aside for the moment, it appears to this court that Barasch dictates a dismissal of Action No. 2 as well. The court finds that the settlement negotiations which occurred between the service of the summons with notice in March of 1979 and the attempted service of the complaint in September of 1980 were sporadic in nature and therefore insufficient to justify the year and a half delay. Additionally, the court finds nothing further in the record which can be construed as a reasonable excuse for the delay, and thus must attribute it to law office failure.
Finally, plaintiff has failed to provide the court with an affidavit of merit.
The court cannot accept the argument of plaintiff’s attorney that it was incumbent upon the defendant, having rejected the complaint, to move immediately thereafter to *830 dismiss the action. The fact that defendant’s attorney returned the complaint did not relieve the plaintiff from his basic responsibility for serving a complaint and for prosecuting his own lawsuit. Plaintiff’s attorney could and should have moved to compel defendant to accept the complaint, and consequently any delay in bringing the instant motion is not chargeable to the defendant.
The court also notes, however, that there is some question as to whether defendant’s rights under CPLR 3012 (subd [b]) were waived when her attorney failed to return the amended summons and complaint served in September, 1980, until November 1, 1980 (see, e.g., Maunz v Laube, 60 AD2d 970). Since plaintiff’s attorney did not promptly move to compel acceptance of the complaint at that point and has not now raised the issue of defendant’s waiver, the court will not address the waiver question.
The question remains as to the impact, if any, of the recent New York Court of Appeals ruling in Tucker v Tucker (55 NY2d 378) upon the conclusions reached under Barasch.
In Tucker, the Court of Appeals held that a plaintiff wife’s motion pursuant to CPLR 3217 (subd [b]) to discontinue her matrimonial action for the purpose of commencing a new action under the Equitable Distribution Law (Domestic Relations Law, § 236, part B) should have been denied, as a matter of law, to prevent “intentional frustration of the considered decision by the Legislature as . to which actions are to be 'governed by the two, quite different, constituent parts of the statute” (55 NY2d 378, 384).
Significantly, this concern for preventing the circumvention of legislative intent was recently evident in a decision by the Appellate Division, Fourth Department, in reviewing a motion to dismiss a complaint pursuant to CPLR 3211 (subd [a], par 4) (see Dunn v Dunn, 86 AD2d 772, 773-774, app dsmd 56 NY2d 591).
Thus it appears that the Tucker considerations, rooted in legislative mandate, are not strictly limited to the situation where the plaintiff has moved for voluntary discontinuance, but rather, are more generally applicable to procedural questions arising in the context of a matrimonial *831 action. The court therefore concludes that Barasch and its progeny fall within the ambit of Tucker.
In the case at bar, defendant’s true motives for seeking this dismissal are unclear. That being so, the court concludes it would be appropriate to grant the dismissal to which defendant is entitled under Barasch, but with conditions that would prevent either party from unfairly taking advantage of the newly enacted. Equitable Distribution Law (see Tucker v Tucker, 55 NY2d 378, 384, n 2, supra). Therefore, if either party commences a divorce action based upon conduct arising prior to July 19, 1980, such action will be governed by part A of section 236 of the Domestic Relations Law.
Although defendant’s attorney contends that the court is without power to attach conditions to its dismissal, conditional dismissals under appropriate circumstances have been upheld by the appellate courts (see, e.g., Gordon v Shore Park Pharmacy, 70 AD2d 651).
[Portions of opinion omitted for purposes of publication.]