■ CECILIA BENTIL, Appellant, v MICHAEL A. BENTIL, Respondent. — In a matrimonial action, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered March 17, 1982, which denied her motion for a preliminary injunction to stay defendant from proceeding further with his divorce action in Ghana, and granted defendant's cross motion to stay plaintiff's instant action on the ground that the Ghanian action had been commenced first and that that court had acquired in personam jurisdiction over plaintiff, and (2) as limited by her brief, from so much of a further order of the same court, entered March 8, 1982, as, upon reargument, adhered to the original determination. Appeal from the order entered March 17, 1982, dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order entered March 18, 1982 affirmed, insofar as appealed from, without costs or disbursements. In an

earlier order (Leggett, J.), plaintiff's first cause of action (for divorce) had been dismissed on the ground of a judgment of divorce obtained against her in Ghana by the defendant husband in November of 1980. Dismissal was ordered with leave to plaintiff to move to reinstate the divorce action should she succeed on her second cause of action, to set aside the Ghanian divorce on the ground that it had been procured by defendant's jurisdictional fraud. At the time of that order, it appears that plaintiff had failed to inform the court of her appearance in the Ghanian action, because of which that court had already acquired in personam jurisdiction over both parties, who, with their children, are all citizens of Ghana and who have been in the United States on temporary visas in connection with defendant's employment at the United Nations. The Ghanian judgment was, in fact, set aside in that country, but not, contrary to representations made at the time of the instant motion for a stay, on any jurisdictional basis; rather, the court set aside its judgment based upon plaintiff's affidavit that she had appeared in the action but had not been notified of the hearing date and, therefore, had been denied her right to defend. Defendant's Ghanian action for divorce is clearly still pending, although in bringing this motion plaintiff insisted that it is a second or subsequent action, and that in any event she had never appeared in it. In denying plaintiff's motion for a temporary stay of the Ghanian action and granting defendant a stay of this later action, Special Term noted the many apparent misrepresentations that have been made in this case, and we are of the opinion that, on these facts, granting defendant a stay was not an abuse of discretion (cf. *Valladares v Valladares,* 80 AD2d 244, affd 55 NY2d 388). Contrary to plaintiff's contention, her rights will not be violated thereby (see *Ofori v Ofori,* 84 AD2d 830, app dsmd 55 NY2d 1018). Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.