ELAINE FELT, Respondent, v IRVING M. FELT, Appellant.

First Department, May 3, 1983

APPEARANCES OF COUNSEL

*Jamie B. W. Stecher* of counsel (*Mark H. Alcott* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*Patricia Ferrari* of counsel (*Julia Perles* with her on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent.

**OPINION OF THE COURT**

ASCH, J.

The parties to this action were married in 1945 and have two children. In 1973 the defendant husband obtained a divorce decree from plaintiff in the Dominican Republic and thereafter remarried. In 1978 the plaintiff commenced the instant action, seeking *inter alia,* a judicial declaration that she was the lawful wife of defendant; that the purported judgment of divorce obtained by defendant was null and void; and that the purported marriage of defendant and another woman was null and void. Plaintiff did not seek to terminate or alter her marriage by requesting divorce, annulment or separation. In November, 1981, plaintiff moved to discontinue this action without prejudice

so that she might commence a new action against defendant for divorce. This new action would seek relief pursuant to the Equitable Distribution Law (Domestic Relations Law, § 236), passed by the Legislature after the initial action was instituted and before her motion to discontinue was made. Defendant opposed the application, to the extent it allowed plaintiff to seek equitable distribution relief, asserting that equitable distribution is unavailable in any action commenced prior to July 19, 1980, the effective date of the Equitable Distribution Law.

Special Term granted plaintiff's motion to discontinue pursuant to CPLR 3217 (subd [b]). In so doing, it correctly observed that the instant complaint does not fall within the scope of part A of section 236 of the Domestic Relations Law.

Section 236 of the Domestic Relations Law provides: "Except as otherwise expressly provided in this section, the provisions of part A shall be controlling with respect to any action or proceeding commenced prior to [July 19, 1980] and the provisions of part B shall be controlling with respect to any action or proceeding commenced on or after such effective date".

Section 236 (part A, subd 1) of the Domestic Relations Law provides, in pertinent part: "In any action or proceeding brought (1) during the lifetime of both parties to the marriage to annul a marriage or declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce". Not all "matrimonial" actions are included in these categories. Part A does *not* apply to an action for a declaratory judgment with respect to the validity of a marriage — the action discontinued herein. On the other hand, section 236 (part B, subd 2) provides that "the provisions of this part shall be applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation * * * *for a declaration of the validity or nullity of a marriage,* and to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on and after the effective date of this part" (emphasis added).

Thus, although plaintiff's pending action is not among those enumerated by the Legislature to be within the scope

of part A, it is expressly included in the provisions of part B. Clearly the Legislature intentionally excluded the relief plaintiff sought in the instant action from the controlling provisions of part A by not enumerating it with the others. "When different terms are used in various parts of a statute or rule, it is reasonable to assume that a distinction between them is intended" (*Matter of Albano v Kirby,* 36 NY2d 526, 530). Special Term correctly invoked the rule of *expressio unius est exclusio alterius* which stands for the proposition that where a law expressly describes a particular act, thing or person to which it shall apply, an inference should be drawn that what is omitted or not included was intended to be omitted or excluded (see *Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 41 NY2d 205, 208-209).

The dissent relies upon *Tucker v Tucker* (55 NY2d 378) and *Valladares v Valladares* (55 NY2d 388). These cases are, however, distinguishable. In *Tucker,* the plaintiff wife commenced an action for divorce prior to the enactment of the Equitable Distribution Law. She sought an award of alimony as part of her relief. The husband began his own separate action for divorce two weeks prior to the change in the law. After July 19, 1980, the wife moved to discontinue her action in order to institute a second action to obtain the benefits of the property distribution provisions of part B of section 236. The Court of Appeals found that the wife could not discontinue her initial action for the purpose of instituting a new action taking advantage of the benefits of the new law.

In *Tucker* (*supra*), unlike the instant case, the plaintiff had already commenced an action *for divorce and alimony* prior to the effective date of the new law. Such relief is specifically provided for in part A. In the case at bar, plaintiff's action has no relation to the specific actions enumerated in part A.

Similarly in *Valladares* (*supra*) the defendant wife had interposed a counterclaim in an action for divorce which was commenced prior to July 19, 1980. She was denied leave to amend her answer to demand distribution of the marital property. Again, unlike the situation in *Valladares* (*supra*) there is no action for divorce pending herein.

Neither plaintiff nor defendant in this matter commenced any action or proceeding described in part A of section 236 prior to July 19, 1980.

*Zuckerman v Zuckerman* (56 NY2d 636) and *Pollack v Pollack* (56 NY2d 968) are also inapposite since both dealt with plaintiffs seeking to discontinue *actions for divorce* so that they could commence new actions pursuant to part B of section 236.

As this court has previously stated: "It is virtually impossible to state as a general proposition and as a matter of law that *all* prior matrimonial actions, whenever commenced and without regard to whatever action may have been taken, preclude a subsequent application for equitable distribution treatment under part B of section 236 of the Domestic Relations Law. Each case must be resolved on the basis of the facts and circumstances presented." (*Broder v Broder,* 91 AD2d 302, 306.)

The facts herein show a complaint for declaratory judgment with respect to the validity of a marriage which is clearly outside the boundaries set for part A of section 236 actions. Plaintiff is not precluded therefore, under the circumstances herein, from discontinuing this action and commencing an action pursuant to the provisions of part B of section 236.

Accordingly, the order of the Supreme Court, New York County (GABEL, J.), entered December 14, 1982, granting plaintiff's motion pursuant to CPLR 3217 (subd [b]) to discontinue the pending action without prejudice to commencing a new action for divorce seeking, *inter alia,* equitable distribution relief, should be affirmed without costs.

BLOOM, J. (dissenting). This is another of the increasing number of matrimonial actions to come before us involving the issue of whether a proceeding commenced prior to the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236, part B), may thereafter be converted into one to which the Equitable Distribution Law is applicable. We are not unaware that this matter comes to us in a posture markedly different from all prior matters. Nevertheless, we are of the view that the teaching of cases such as *Tucker v Tucker* (55 NY2d 378), *Valladares v Valladares*

(55 NY2d 388), *Zuckerman v Zuckerman* (56 NY2d 636), and *Pollack v Pollack* (56 NY2d 968), requires that the order of Special Term granting plaintiff the right to discontinue her action for a declaratory judgment commenced prior to the effective date of the Equitable Distribution Law and "to commence a new action including a cause of action for divorce seeking equitable distribution relief in addition to the declaratory relief" be reversed.

Plaintiff and defendant were married in New York City in 1945. Apparently, both continued to live in this State for the next 28 years. In 1972 defendant sued for divorce in the Dominican Republic. The decree entered granted the divorce to defendant and required him to pay to plaintiff alimony in the sum of $50,000 annually. Shortly thereafter defendant remarried. The alimony specified in the decree was paid regularly to plaintiff. In 1978 she commenced an action for a declaration that the alleged divorce between her and defendant was void on the ground that at the time of the divorce she did not reside in the Dominican Republic nor was she amenable to its process and that she had never appeared in that action and by consequence, defendant's marriage to his new spouse was a nullity. A second cause of action was included predicated upon an alleged tax deficiency assessed against her by the Internal Revenue Service. Seemingly, defendant had claimed a tax deduction for the alimony paid to plaintiff on the ground that it was paid under a divorce decree. Plaintiff sought repayment from defendant of any portion of the assessment which she might be required to pay and, in addition, the expenses of contesting the assessment.

In November, 1981, some two and one-half years after the commencement of the action for the declaratory judgment, plaintiff moved by motion returnable January 19, 1982 for leave to discontinue that action without prejudice. The avowed purpose was so that she might seek to "forthwith commence a new action against defendant for a divorce". However, she made abundantly clear that the new proposed action would seek all of the relief sought in the action to be discontinued with the addition only of the causes seeking a divorce and equitable relief, and the proposed complaint in the new action so provides. In sub-

stance, the proposed new complaint does no more than add the causes of action for divorce and equitable distribution.

It is not inappropriate to note that section 236 (part A, subd 1) confers upon the court the power to award alimony in any action or proceeding "to annul a marriage or *declare the nullity of a void marriage*" (italics supplied). The declaratory judgment action sought to be discontinued envisaged precisely that relief; a declaration that the marriage between defendant and his current spouse is a void marriage and that plaintiff is still defendant's lawful wife. Hence, had plaintiff sought alimony in that action the court was empowered by the section to "direct either spouse to provide suitably for the support of the other as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of each spouse to be self supporting, the circumstances of the case and of the respective parties" (Domestic Relations Law, § 236, part A, subd 1, par [3]). The discontinuance and the inclusion of the divorce action counts in the new proposed complaint have a single design: to enhance the amount collectible by plaintiff from defendant under part B of section 236, a purpose which both *Tucker* (*supra*) and *Valladares* (*supra*) instruct us is forbidden.

Accordingly, we would reverse and deny the motion to discontinue.

CARRO and KASSAL, JJ., concur with ASCH, J.; KUPFERMAN, J. P., and BLOOM, J., dissent in an opinion by BLOOM, J.

Order, Supreme Court, New York County, entered on December 14, 1982, affirmed, without costs and without disbursements.