■ GUISEPPE CONTE et al., Respondents, v GETTY PETROLEUM CORP., Appellant, et al., Defendants. (And a Third-Party Action.) [609 NYS2d 332] —In an action to recover for property damage, the defendant Getty Petroleum Corp. appeals (1) from an order of the Supreme Court, Kings County (Yoswein, J.), dated February 28, 1992, which denied its motion for summary judgment dismissing the complaint, (2) from an order of the same court, dated May 19, 1992, which denied its motion for summary judgment dismissing the cross claims for contribution and/or indemnification asserted by the codefendants 8501 Flatlands Realty Corp., 21st Century Auto Repairs, Inc., d/b/a M & R Tire Distributing Company, Inc., and Marine Park Fuel Company, Inc., (3) as limited by its brief, from so much of an order of the same court, dated May 20, 1992, as upon reargument and renewal, denied its motion for summary judgment dismissing the plaintiffs' complaint, and (4) as limited by its brief, from so much of an order of the same court, dated April 26, 1993, as granted the plaintiffs' motion for a discontinuance of this action against all defendants with prejudice without awarding the appellant costs, disbursements, and attorneys' fees.

Ordered that the order dated April 26, 1993, is affirmed; and it is further,

Ordered that the appeals from the orders dated February 28, 1992, May 19, 1992, and May 20, 1992, are dismissed as

academic in light of our disposition of the appeal from the order dated April 26, 1993; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The determination of a motion for discontinuance rests within the sound discretion of the court, and is ordinarily granted absent prejudice to a substantial right of the defendant *(see, Tucker v Tucker,* 55 NY2d 378; *County of Westchester v Becket Assocs.,* 102 AD2d 34, *affd* 66 NY2d 642; *Brockman v Turin,* 130 AD2d 616). Further, a court may grant such a motion "upon terms and conditions, as the court deems proper" (CPLR 3217 [b]). Based on the record before us, we find that the Supreme Court did not improvidently exercise its discretion in granting a discontinuance of this action with prejudice without awarding the appellant costs, disbursements, and attorneys' fees.

In view of our affirmance of the order which permitted the plaintiffs to discontinue their action with prejudice as against all defendants, the issue whether the appellant Getty Petroleum Corporation successfully demonstrated its entitlement to summary judgment, either with respect to the plaintiffs' main claims or with respect to the codefendants' various cross claims, has been rendered academic. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.