In the Matter of KRISTA JEAN DEVRIES, Respondent, v MICHAEL G. DEVRIES, Appellant. [929 NYS2d 879]—

In the parties' judgment of divorce dated May 27, 2005, the father's weekly support obligation was set at $1,702.75. In January 2010, the Orange County Support Collection Unit (hereinafter the SCU) issued a notice of cost-of-living adjustment (hereinafter COLA) order proposing to increase the father's weekly support obligation to $1,928. The father raised objections to the proposed COLA order in March 2010.

The parties appeared for a hearing on August 24, 2010. At the court appearance before a Support Magistrate, the mother moved to voluntarily withdraw the proposed COLA order. The father voiced no objection to the withdrawal. The Support Magistrate issued an order dated September 2, 2010 granting the mother's motion. On September 14, 2010, the father filed a notice of objection to the order dated September 2, 2010, arguing

that the dismissal was improper because the mother was without authority to voluntarily withdraw the proposed COLA order without a motion made on notice. The father also contended that had a hearing been conducted, his child support obligation would have been reduced. In the order appealed from, the Family Court denied the objection. We affirm.

Under the circumstances of this case, since the father did not raise his argument that the mother was without authority to voluntarily withdraw the proposed COLA order before the Support Magistrate, the Family Court properly held that it was unpreserved for its review, which is the equivalent of an appellate review (*see Matter of Redmond v Easy*, 18 AD3d 283 [2005]; *Matter of Coleman v Thomas*, 295 AD2d 508 [2002]). In any event, the Family Court properly granted the mother's motion. CPLR 3217 permits a voluntary discontinuance of a claim by court order "upon terms and conditions, as the court deems proper" (CPLR 3217 [b]; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]; *Matter of Bianchi v Breakell*, 48 AD3d 1000 [2008]). The court had the authority to grant the mother's motion to voluntarily withdraw the proposed COLA order in the absence of special circumstances or "[p]articular prejudice to the [father] or other improper consequences flowing from [withdrawal]" (*Tucker v Tucker*, 55 NY2d at 383; *see Matter of Bianchi v Breakell*, 48 AD3d 1000 [2008]; *Christenson v Gutman*, 249 AD2d 805, 806 [1998]). The withdrawal of the proposed COLA order was not prejudicial to the father, as he retained a right to seek a downward modification of his support obligation at any time.

The father's remaining contentions are without merit. Angiolillo, J.P., Hall, Cohen and Miller, JJ., concur.