■ In the Matter of JEAN BERNARD CONDE, Appellant, v MARTINE MARIE GOUIN, Respondent. [51 NYS3d 611]—

Appeal by the father from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated June 17, 2016. The order denied the father's objections to an order of that court (Patricia Bannon, S.M.), dated March 14, 2016, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated June 17, 2016, is affirmed, without costs or disbursements.

The father filed a petition seeking a downward modification of his child support obligations, alleging that his income had declined by more than 15% since the issuance of an existing order of support. Following a hearing, a Support Magistrate denied the father's petition. Thereafter, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.

"A party seeking modification of [an order of child support] has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798 [2014]; see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897 [2015]). "A parent's loss of employment may constitute a substantial change in circumstances" (Matter of Rubenstein v Rubenstein, 114 AD3d at 798; see Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]). "A party seeking a downward

modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (*Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d at 1162-1163; *Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]; Family Ct Act § 451 [3] [b] [ii]). On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (*see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Kirchain v Smith*, 84 AD3d 1237 [2011]).

Here, the record supports the Support Magistrate's determination that the father did not testify credibly regarding the reasons and circumstances surrounding his departure from his former employment. Further, the father failed to present sufficient evidence that he diligently sought re-employment commensurate with his earning capacity (*see* Family Ct Act § 451 [3] [b] [ii]; *Matter of Cato v Cato*, 134 AD3d 821, 822 [2015]; *Matter of Rubenstein v Rubenstein*, 114 AD3d at 799; *Matter of Ippolito v Uriarte*, 112 AD3d 716, 717 [2013]). Thus, the Family Court properly denied the father's objections to the Support Magistrate's order finding that the father was not entitled to downward modification of his child support obligation. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.