■ In the Matter of NANCY ARJARA, Respondent, v LEIGHTON P. SPENCE, Appellant. (Proceeding No. 1.) In the Matter of LEIGHTON P. SPENCE, Appellant, v NANCY ARJARA, Respondent. (Proceeding No. 2.) [58 NYS3d 549]—

Appeals by the father from two orders of the Family Court, Queens County (Connie Gonzalez, J.), both dated February 17, 2016. The first order, insofar as appealed from, denied the father's objections to so much of an order of that court (Joette M. Blaustein, S.M.), dated November 17, 2015, as, after a hearing, granted that branch of the mother's petition which was, in effect, to direct him to pay 40% of the camp, child care, and unreimbursed health-related expenses for the parties' child. The second order denied the father's objections to an order of that court (Joette M. Blaustein, S.M.), also dated November 17, 2015, which, after a hearing, dismissed, without prejudice, his petition for a downward modification of his child support obligation as set forth in a prior order of that court dated July 31, 2014. The notices of appeal from the orders dated November 17, 2015, are deemed to be notices of appeal from the orders dated February 17, 2016 (*see* CPLR 5512 [a]).

Ordered that the first order dated February 17, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated February 17, 2016, is affirmed, without costs or disbursements.

The father and the mother have one child together. In an order dated July 31, 2014, entered on consent, the father was directed to pay, inter alia, 40% of the child's camp, child care, and unreimbursed health-related expenses, and biweekly child support in the sum of $228.50. In September 2014, the mother filed a petition pursuant to Family Court Act article 4, seeking, among other things, in effect, to direct the father to pay his share of these expenses. In October 2014, the father filed a petition seeking a downward modification of his child support obligation. Following a hearing, the Support Magistrate, inter

alia, granted the foregoing branch of the mother's petition, directed the father to pay his share of these expenses in the sum of $3,468, and, in a separate order, denied the father's petition. The Family Court denied the father's objections to the Support Magistrate's orders. The father appeals.

Contrary to the father's contention, the Family Court properly denied his objections to so much of the Support Magistrate's order as directed him to pay his share of the camp, child care, and unreimbursed health-related expenses in the sum of $3,468 as, at the hearing, the mother offered evidence regarding the expenses incurred, which was not contested by the father (see Matter of DeVries v DeVries, 87 AD3d 1139, 1140 [2011]; Matter of Lahrs v Lahrs, 158 AD2d 944 [1990]). The court also properly denied his objections to the Support Magistrate's order dismissing, without prejudice, his petition for downward modification of his child support obligation, since the father failed to demonstrate that he lost his employment through no fault of his own and that he diligently sought reemployment commensurate with his earning capacity (see Family Ct Act § 451 [3] [b] [ii]; Matter of Conde v Gouin, 149 AD3d 834, 835 [2017]; Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798 [2014]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.