Kondaur Capital Corp. v Reilly (2018 NY Slip Op 04707)





Kondaur Capital Corp. v Reilly


2018 NY Slip Op 04707


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-07270
 (Index No. 32841/09)

[*1]Kondaur Capital Corporation, appellant, 
v
John E. Reilly, respondent, et al., defendants.


The Margolin & Weinreb Law Group, LLP (Stim & Warmuth, P.C., Farmingville, NY [Glenn P. Warmuth], of counsel), for appellant.
Charles H. Wallshein, Melville, NY (Charles W. Marino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), entered July 18, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to discontinue the action without prejudice, granted the cross motion of the defendant John E. Reilly to discontinue the action with prejudice, and, sua sponte, directed a hearing on the amount of counsel fees to be awarded to the defendant John E. Reilly.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed a hearing on the amount of counsel fees to be awarded to the defendant John E. Reilly is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was to discontinue the action without prejudice is granted, and the cross motion of the defendant John E. Reilly to discontinue the action with prejudice is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2009, GRP Loan, LLC (hereinafter GRP), commenced this action to foreclose a mortgage on residential property owned by John E. Reilly (hereinafter the defendant) and Kelly A. Reilly. Kondaur Capital Corporation (hereinafter the plaintiff) was later substituted for [*2]GRP. In December 2013, the Supreme Court granted the defendant's motion to vacate a prior order granting summary judgment on the complaint and for leave to serve an amended answer asserting the affirmative defense of lack of standing. In March 2016, the plaintiff moved, inter alia, to discontinue the action without prejudice on the ground that it could not establish GRP's standing to commence the action. The defendant cross-moved to discontinue the action with prejudice on the ground that a second action would be time-barred. The court, inter alia, denied that branch of the plaintiff's motion which was to discontinue the action without prejudice, granted the defendant's cross motion to discontinue the action with prejudice, and, sua sponte, directed a hearing on the amount of counsel fees to be awarded to the defendant. The plaintiff appeals.
CPLR 3217(b) permits a voluntary discontinuance of a claim by court order "upon terms and conditions, as the court deems proper" (CPLR 3217[b]; see Tucker v Tucker, 55 NY2d 378, 383; Matter of DeVries v DeVries, 87 AD3d 1139, 1140). In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (see CPLR 3217[c]; Tucker v Tucker, 55 NY2d at 383-384; New York Mtge. Trust, Inc. v Dasdemir, 116 AD3d 679, 679; American Tr. Ins. Co. v Roberson, 114 AD3d 821, 821; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622).
Here, there was no evidence that the defendant would be prejudiced by a discontinuance without prejudice (see America's Residential Props., LLC v Lema, 118 AD3d 735, 736). The defendant failed to establish as a matter of law that a second action would be time-barred and failed to show that he was prejudiced by the length of the litigation. Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was to discontinue the action without prejudice, and denied the defendant's cross motion to discontinue the action with prejudice. Moreover, under the circumstances of this case, there was no basis for the court, sua sponte, to direct a hearing on the amount of counsel fees to be awarded to the defendant.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court