Deutsche Bank Natl. Trust Co. v Holcomb (2019 NY Slip Op 08822)





Deutsche Bank Natl. Trust Co. v Holcomb


2019 NY Slip Op 08822


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-10271
 (Index No. 61893/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Holcomb, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Mitra P. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Holcomb appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated July 20, 2018. The order, insofar as appealed from, upon granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3217(b) to discontinue the action, provided that the discontinuance would be without prejudice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2013, the plaintiff commenced this action against the defendant Michael Holcomb, among others, to foreclose a mortgage on property located in Sag Harbor. In or around June 2018, the plaintiff moved, in effect, pursuant to CPLR 3217(b) to discontinue the action without prejudice and to vacate the notice of pendency. In opposing the motion, Holcomb did not object to the discontinuance of the action, but argued that the discontinuance should be with prejudice because any future action to foreclose the mortgage would be time-barred. Holcomb asserted that in 2009, the plaintiff had commenced a prior action to foreclose the same mortgage, which had been discontinued by a stipulation of the parties in 2013. The Supreme Court granted the plaintiff's motion, inter alia, to discontinue the action without prejudice. Holcomb appeals from so much of the order as provided that the discontinuance would be without prejudice.
CPLR 3217(b) permits a voluntary discontinuance of an action by court order "upon terms and conditions, as the court deems proper" (CPLR 3217[b]; see Tucker v Tucker, 55 NY2d 378, 383; Kondaur Capital Corp. v Reilly, 162 AD3d 998, 999; Matter of DeVries v DeVries, 87 AD3d 1139, 1140). In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (see CPLR 3217[c]; Tucker v Tucker, 55 NY2d at 383-384; Kondaur Capital Corp. v Reilly, 162 AD3d at 999; New York Mtge. Trust, Inc. v Dasdemir, 116 AD3d 679, 679; American Tr. Ins. Co. v Roberson, 114 AD3d 821, 821; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622). The determination of whether, and upon what terms and [*2]conditions, to grant an application to discontinue an action under CPLR 3217(b) lies within the sound discretion of the court (see Matter of Sellers v Gardner, 166 AD3d 785, 786).
Contrary to Holcomb's contention, he failed to establish that a future action to foreclose the mortgage would be time-barred (see Caliguri v Pentagon Fed. Credit Union, 168 AD3d 802, 803; Kondaur Capital Corp. v Reilly, 162 AD3d at 999). Moreover, Holcomb presented no other evidence that he would be prejudiced by a discontinuance without prejudice (see America's Residential Props., LLC v Lema, 118 AD3d 735, 736).
Accordingly, we agree with the Supreme Court's determination to provide that the discontinuance of the action would be without prejudice.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court